**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Lisa Rose, Assistant United States Attorney        970 Broad Street, Suite 700        973/645-2869
                                                   Newark, NJ 07102

2004R00607

September 7, 2005

Scott T. Kragie, Esq.
Squire, Sanders & Dempsey LLP
1201 Pennsylvania Avenue, N.W.
P.O. Box 407
Washington, D.C. 20044-0407

05-835-01

Re:  Plea Agreement with NewCal Aviation, Inc.

Dear Mr. Kragie:

This letter sets forth the plea agreement between your client, NewCal Aviation, Inc., and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from NewCal Aviation, Inc., to Counts One and Two of a thirty-count Information. Count One charges NewCal Aviation, Inc. with falsifying and concealing a material fact to the Department of Commerce, Bureau of Industry and Security (hereinafter, "Department of Commerce), in connection with the export of "dual use" items that were included on the Department of Commerce's control list which, for foreign-policy reasons, could not be exported without an export license ("Controlled Items") from the Department of Commerce, in violation of Title 50, United States Code, Sections 1701-1706 and regulations promulgated thereunder, including Title 15, Code of Federal Regulations, Parts 744.8 and 764.3(b)(2)(i). Count Two charges NewCal Aviation, Inc. with exporting those Controlled Items to a company that was a Specially Designated National of Libya, namely, Mediterranean Aviation Company Ltd., without prior authorization from the Department of Treasury, Office of Foreign Asset Control(hereinafter, ("Department of Treasury"), in violation of Title 50, United States Code, Sections 1701-1706, and regulations promulgated thereunder, including Title 31, Code of Federal Regulations, Parts 550.202 and 550.304(d). The factual predicate for Counts One and Two charged in the Information are described fully in Schedule A attached to this Agreement.

If NewCal Aviation, Inc., enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this Agreement, this Office will not initiate any further criminal charges against NewCal Aviation, Inc. and its officials for the conduct charged in the Information.[1] In addition, if NewCal Aviation, Inc. fully complies with all of the terms of this Agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts Three through Thirty of the Information against NewCal Aviation, Inc. However, in the event that the judgment of convictions entered as a result of this guilty plea do not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by NewCal Aviation, Inc., may be commenced against it, notwithstanding the expiration of the limitations period after NewCal Aviation, Inc., signs the agreement. NewCal Aviation, Inc., agrees to waive any statute of limitations with respect to any crime that would otherwise expire after NewCal Aviation, Inc., signs the agreement.

Sentencing

Pursuant to 50 U.S.C. § 1705 and 15 C.F.R. § 764.3(b)(2)(i), the violation charged in Count One to which NewCal Aviation, Inc., agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of (1) 5 times the value of export or reexport involved; (2) $1,000,000; (3) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (4) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Pursuant to 50 U.S.C. § 1705 and 31 C.F.R. Part 550.701(a)(2) and (b), the violation charged in Count Two to which NewCal Aviation, Inc., agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any

---

[1] The term, "officials," as used in this Agreement means any past or present division, subsidiary, parent affiliate, predecessor, successor, or assign of NewCal Aviation, Inc. and any present officers, directors, or employees of NewCal Aviation, Inc. or its related entities. However, this provision excludes Richard Greenleaf ("Greenleaf") who served as Vice President of NewCal Aviation, Inc. at the time of the offenses.

pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon NewCal Aviation, Inc., is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742. The parties to this Agreement agree that NewCal's sentence is not governed by the United States Sentencing Guidelines. This is because, although the offense to which NewCal is pleading guilty is covered by U.S.S.G. § 2M5.1(a), that Guideline is not listed under U.S.S.G. § 8C2.1 which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572. The parties agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the appropriate disposition of the criminal case is that NewCal will be placed on a term of corporate probation for a period of two years and pay a $200,000 fine at the time of sentencing, which satisfies the goals of sentencing set forth in 18 U.S.C. §§ 3553 and 3572.

Further, in addition to imposing any other penalty on NewCal Aviation, Inc., the sentencing judge: (1) will order NewCal Aviation, Inc., to pay an assessment of $400, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order NewCal Aviation, Inc., to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) may order NewCal Aviation, Inc., pursuant to 18 U.S.C. § 3555, to give notice to any victims of the offense.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on NewCal Aviation, Inc., by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of NewCal Aviation, Inc.'s activities and relevant conduct with respect to this case.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and NewCal Aviation, Inc. waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against NewCal Aviation, Inc. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against NewCal Aviation, Inc.

No Other Promises

This agreement constitutes the plea agreement between NewCal Aviation, Inc., and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: LISA ROSE
Assistant U.S. Attorney

APPROVED:

Nancy Hoppock, Unit Chief
Government Fraud Unit

       I have received this letter from NewCal Aviation, Inc.'s attorney, Scott T. Kragie, Esq., I have read it and I understand it fully. I hereby acknowledge that I have full authority to enter into this plea agreement on behalf of NewCal Aviation, Inc., I accept the terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

CONSENTED TO AND ACCEPTED BY
AUTHORIZATION OF THE BOARD OF
DIRECTORS OF NewCal Aviation, Inc.

_____
Corporate Officer of
NewCal Aviation, Inc.

Date: Oct 12, 2005

_____
Scott T. Kragie, Esq.

Date: 10-26-05

- 5 -

SCHEDULE A

The parties agree that the following shall be the factual predicate for Counts One and Two of the Information:

1. On or about April 26, 2001, special agents from the Department of Commerce visited NewCal Aviation, Inc. and spoke with its Vice President, Richard Greenleaf ("Greenleaf"). The special agents were informed that NewCal Aviation, Inc. was an international wholesale supplier of aircraft parts that specialized in DeHavilland spare parts. The special agents informed NewCal Aviation, Inc. of the Export Administration Regulations that regulated the exportation of the type of aircraft parts NewCal Aviation, Inc. sold.

2. During the meeting, NewCal Aviation, Inc. was provided with a package that included informational literature on how to comply with the Department of Commerce's regulations concerning the exportation of commodities. NewCal Aviation, Inc. was also advised that the United States was aware that NewCal Aviation, Inc. had exported numerous aircraft parts to Mediterranean Aviation Company, Ltd., ("Medavia"), located in Malta.

3. In addition, NewCal Aviation, Inc. was advised that the exportation of aircraft parts to Medavia violated federal law since Medavia was listed as a "Specially Designated National" by the Department of Treasury.

4. Notwithstanding, from in or about April 2002 through in or about April 2004, NewCal Aviation, Inc., through its Vice President Richard Greenleaf, shipped more aircraft parts to Medavia in Malta on approximately thirty separate occasions. NewCal Aviation, Inc. shipped those aircraft parts (valued at approximately $100,000) without first obtaining the required authorization and export licenses from the Departments of Commerce and Treasury in violation of federal law.

5. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.